**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0387n.06

No. 10-4338

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 10, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| TENNIE PARSONS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CSX TRANSPORTATION, INC., | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MARTIN, SUTTON and KETHLEDGE, Circuit Judges.

SUTTON, Circuit Judge. Tennie Parsons worked as a conductor for CSX from 2000 to 2007. In October 2008, she sued CSX under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, claiming that years of climbing on and off trains and walking on uneven terrain had caused debilitating osteoarthritis in her knees. The jury returned a verdict in CSX's favor, finding that Parsons's claims were time-barred because she knew (or should have known) that her knee injuries were work related more than three years before she filed this lawsuit. *See* 45 U.S.C. § 56. On appeal, Parsons argues the district court incorrectly instructed the jury on the statute-of-limitations defense. Seeing no error in the instructions, we affirm.

The sole question before us is whether the statute-of-limitations jury instruction was "a correct interpretation of the relevant law." *Rogers v. T.J. Samson Cmty. Hosp.*, 276 F.3d 228, 232 (6th Cir. 2002). Here is the relevant law: The Act says "[n]o action shall be maintained . . . unless

commenced within three years from the day the cause of action accrued." § 56. For someone like Parsons who suffers an injury that develops gradually over time (such as osteoarthritis), as opposed to an injury that occurs suddenly (such as a broken leg), the cause of action accrues when the "accumulated effects" of the injury "manifest themselves." *Urie v. Thompson*, 337 U.S. 163, 170 (1949). Under this "discovery rule," the statute of limitations starts when the plaintiff "first knew, or in the exercise of reasonable diligence should have known, of both the injury and its cause." *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001).

Here is the instruction the district court gave the jury:

> Defendant CSX claims that plaintiff failed to bring this lawsuit in a timely manner. . . . Plaintiff filed this lawsuit on October 17, 2008. The statute required her to bring this lawsuit within three years from the date that she knew, or by the exercise of reasonable care should have known, that her claimed knee injuries were related to her work. In order to prevail on this claim, defendant CSX has the burden of proving, by the greater weight of the evidence, that plaintiff knew or, by the exercise of reasonable care should have known, before October 17, 2005, that her claimed knee injuries were work related.

R. 125 at 10–11.

Parsons submits that the instruction failed to include one of the two components of the discovery rule—when Parsons knew she *had an injury*—asking only when Parsons knew the *cause* of her injury. Not true. The instruction asked the jury to determine when Parsons knew or should have known "that [1] her claimed knee injuries [2] were work related." R. 125 at 11. Parsons could not know that her injuries were work related until she knew that she had those injuries in the first

place. This is exactly the logic the district court gave when it overruled Parsons's objection to the instruction, and when it denied her motion for a new trial. Sure, the instruction could have separated the injury and causation components, and maybe even added signposts like "(1)" and "(2)." The district court instead chose a more compact formulation, one that nevertheless accurately stated the law.

Parsons responds that the instruction allowed the jury to return a verdict for CSX if they found only that Parsons experienced some "painful symptoms" outside of the limitations period that she associated with work. Parsons's Br. at 41. But the instruction did not ask when Parsons knew or should have known "that her painful symptoms were work related"; it asked when Parsons knew "that her *claimed knee injuries* were work related." R. 125 at 11.

Also unavailing are several decisions invoked by Parsons, *see, e.g., Fonseca v. Consolidated Rail Corp.*, 246 F.3d 585, 591 (6th Cir. 2001), and *Green v. CSX Transportation, Inc.*, 414 F.3d 758, 764 (7th Cir. 2005), which reversed summary judgment in favor of the railroad because there were material questions of fact about when the plaintiff first knew she had an injury. These cases offer no refuge to Parsons because they stand only for the unremarkable proposition that knowing when you have an injury is a distinct component of the discovery rule; they do not establish that the instruction given by the court in this case omitted this component.

For these reasons, we affirm.